IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MICHAEL D. BOWMAN,**

    Plaintiff,

v.               CIVIL ACTION NO.: 5:19-CV-231
                (STAMP)

**PANEPINTO LAW OFFICE,**
**MARK D. PANEPINTO,**

    Defendants.

## REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiff, Michael Bowman's ("Plaintiff") *pro se* Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] sets forth any viable claims. *See* 28 U.S.C. § 1915(e)(2)(B). After conducting the aforesaid review, the undersigned is prepared to issue its recommendation.

## I.
## FACTUAL/PROCEDURAL HISTORY

Plaintiff has filed the instant suit against Mark D. Panepinto, Esq. and Panepinto Law Office. According to Mr. Bowman's Complaint [ECF No. 1], Mr. Panepinto was appointed to represent Plaintiff in two Marshall County criminal matters: 15-F-59 and 15-F-60. Plaintiff alleges that Mr. Panepinto committed malpractice during his representation of Plaintiff in that Mr. Panepinto became aware during the voir dire portion of the underlying criminal trial[1] that the

---

[1] Though this Complaint appears to have been filed with respect to Mr. Panepinto's representation of Plaintiff in both underlying criminal cases, it is unclear from the pleading whether both cases were tried in a unitary trial.

Grand Jury Foreperson did not sign the True Bill of Indictment against Plaintiff. Plaintiff alleges that the Marshall County Prosecutor signed the True Bill and that, despite this knowledge, Mr. Panepinto took no action on Mr. Bowman's behalf.

Mr. Bowman further alleges that Mr. Panepinto breached his fiduciary duty to Mr. Bowman by failing to advise Mr. Bowman or Mr. Bowman's appellate attorney with respect to the allegations noted above. Because of this failure, Plaintiff argues that he was unable to pursue this allegation on appeal. Plaintiff also claims that his conviction and confinement in prison are the result of Mr. Panepinto's aforementioned, alleged malpractice.

## II.
## **DISCUSSION**

After reviewing Plaintiff's Complaint and Motion to Proceed in Forma Pauperis pursuant to the authority granted in 28 U.S.C. § 1915(e)(2)(B), the undersigned concludes that Plaintiff's Complaint is frivolous. As a result, the undersigned recommends that Plaintiff's Complaint [ECF No. 1] be dismissed, without prejudice, and that Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] be denied as moot.

The Court has the authority to allow a case to proceed without the prepayment of fees (*in forma pauperis*) "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. In this way, the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the Court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The Court

---

Therefore, it is unclear whether the alleged malpractice is alleged to have occurred with respect to both underlying criminal matters.

must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the Court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. Importantly, when reviewing pro se complaints, the Court must construe them liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"A complaint is…'frivolous' under § 1915 where there is no subject matter jurisdiction." *Ewing v. King*, 1:18-CV-01831, 2018 WL 3702416, *2 (N.D.Ga. 2018) (citing *David v. Ryan Oaks Apartment*, 357 Fed.Appx. 237, 238-39 (11th Cir. Dec. 17, 2009). *See also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing that a complaint should be dismissed as frivolous under § 1915 where there is no subject matter jurisdiction). As the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with Plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief…shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). A District Court must dismiss a claim if, at any time, it appears that the Court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F.Supp. 398 (S.D.W.Va. 1973), *aff'd sub. Nom. Duffield v.*

*Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

In the instant matter, after liberally construing Plaintiff's Complaint and after considering the same in conjunction with the applicable statutory and case law, the undersigned concludes that Plaintiff's Complaint should be dismissed without prejudice because the Court does not have subject matter jurisdiction over this case. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits"). The plaintiff has not alleged a claim against Mr. Panepinto or Panepinto Law Offices that would entitle him to relief under the United States Constitution or any Federal Statute. Thus, the plaintiff has not stated a Federal Question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331.

A Federal District Court also has jurisdiction over controversies in which the parties are citizens of different states and where the amount in controversy exceeds $75,000, known as "diversity jurisdiction". 28 U.S.C. § 1332. The plaintiff cannot meet the requirements for diversity jurisdiction, however, because there is no evidence or indication in Plaintiff's Complaint or the Court file that Mr. Panepinto and Panepinto Law Office are citizens of a different State than Plaintiff.[2]

---

[2] To the contrary, factors from the underlying criminal case appear to suggest that all parties are citizens of the State of West Virginia.

## III.
## RECOMMENDATION

Accordingly, and for all of the foregoing reasons, the undersigned concludes that the Court lacks subject-matter jurisdiction over the allegations contained within Plaintiff's Complaint. Therefore, this Court **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.

A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Respectfully submitted this 16th day of August, 2019.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE